935 F.2d 279
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Roldan R. RABO, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-7013.
 United States Court of Appeals, Federal Circuit.
 April 29, 1991.
 
 Before NIES, Chief Judge, and RICH and MAYER Circuit Judges.
 ON MOTION
 ORDER
 RICH, Circuit Judge.
 
 
 1
 The Secretary of the Department of Veterans Affairs moves to dismiss Roldan L. Rabo's petition for lack of jurisdiction. The Secretary argues that Rabo's petition is premature because he has not yet completed his appeal to the Board of Veterans Appeals. Rabo has not responded to this motion.
 
 
 2
 Rabo pursues this petition for burial benefits on behalf of his father, Jovino Rabo. Jovino Rabo was enlisted in a military unit in the Philippines, the New Philippines Scouts. Jovino Rabo died on October 16, 1989. Petitioner filed a formal application for burial benefits with the Department of Veterans Affairs on December 14, 1989. The Department informed Jovino by letter dated April 11, 1990 that benefits were not payable based on his father's service in the New Philippines Scouts.
 
 
 3
 On August 27, 1990, Rabo submitted a "notice of disagreement" to the Department initiating an appeal to the Board of Veterans Affairs of the denial of burial benefits. The Board sent Rabo the documents required by 38 U.S.C. Sec. 4005 governing filing notice of disagreement and appeal; a "statement of the case" and a form on which to file his "substantive appeal." Petitioner had until April 11, 1991 to complete his appeal to the Board. Instead he has appealed directly to this court.
 
 
 4
 Judicial review of decisions by the Secretary of Veterans Affairs is precluded by statute except in certain instances not applicable here. 38 U.S.C. Sec. 211(a). Direct appeal to this court is possible only when an agency rulemaking is challenged. 38 U.S.C. Sec. 223. Although Rabo alleges that this court has jurisdiction under 38 U.S.C. Sec. 223, Rabo has not challenged agency rulemaking action in his petition.*
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 The Secretary's motion to dismiss Rabo's petition is granted.
 
 
 
 *
 Rather, Rabo argues that the secretary misinterpreted the statute relevant to Rabo's claim
 In order for Rabo to obtain review in this court, other than by challenging an agency rule or regulation, Rabo would need to first pursue his appeal to the Board of Veterans Appeals. In the case of an adverse decision Rabo would then have the right to appeal the Board's determination to the Court of Veterans Appeals. Only after an adverse decision by the Court would Rabo then have a right to appeal to this court and even then only as to the validity of a statute or regulation, or any interpretation thereof, relied on by the Court of Veterans Appeals. See 38 U.S.C. Sec. 4092.